UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GEORGIA SMALLS,

                              Civil Action No.

        Plaintiff,                    SUMMONS IN
                                      A CIVIL ACTION
  -against-

                                      **07 CIV 9698**
SHARINN & LIPSHIE, P.C. and
WORLDWIDE ASSET PURCHASING, LLC,
        Defendants.
-----------------------------------------------------------------X
TO:

Sharinn & Lipshie, P.C.
200 Garden City Plaza, Suite 506
Garden City, New York 11530-3301.

Worldwide Asset Purchasing, LLC
2253 Northwest Parkway
Marietta, Georgia 30067


       **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court

and serve upon

        David Kasell, Esq.
        Sadis & Goldberg LLC
        **Attorneys for Plaintiff**
        551 Fifth Avenue, 21st Floor
        New York, NY 10176

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**J. MICHAEL McMAHON**

CLERK                                         DATE  NOV 01 2007

BY DEPUTY CLERK

00005342.WPD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X    **07 CIV 9698**

GEORGIA SMALLS,

                      **Plaintiff,**       COMPLAINT AND
                                              DEMAND FOR JURY
                                                      TRIAL

-against-
                                                             Index No.:



SHARINN & LIPSHIE, P.C. and
WORLDWIDE ASSET PURCHASING, LLC,

                      **Defendants.**
------------------------------------------------------------X

Plaintiff, Georgia Smalls ("Plaintiff"), as and for her complaint, alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION

2. Jurisdiction is premised on 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the conduct complained of occurred here.

### PARTIES

3. Plaintiff is a natural person who resides in New York County, State of New York.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA

{00104528.DOC}

5. Defendant Sharinn & Lipshie, P.C. ("Sharinn & Lipshie") is a law firm and business entity regularly engaged in the business of collecting debts in the State of New York with its principal place of business located at 200 Garden City Plaza, Suite 506, Garden City, New York 11530-3301.

6. The principal purpose of Sharinn & Lipshie is the collection of debts using the mails and telephone, and Sharinn & Lipshie regularly attempts to collect debts alleged to be due another.

7. Sharinn & Lipshie is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

8. Defendant Worldwide Asset Purchasing, LLC ("Worldwide") is a business entity regularly engaged in the business of collecting debts in the State of New York with its principal place of business located at 2253 Northwest Parkway, Marietta, Georgia 30067.

9. The principal purpose of Worldwide is the collection of debts using the mails and telephone, and Worldwide regularly attempts to collect debts alleged to be due another.

10. Worldwide is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

**FACTUAL ALLEGATIONS**

11. At all pertinent times hereto, Defendants sought to collect monies allegedly due under a consumer credit account with Bank of America (hereinafter the "debt").

12. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

{00104528.DOC}

13. The Defendants filed a lawsuit against Plaintiff in or about January 2007, based on allegations that Plaintiff requested a credit account with Bank of America and then defaulted in payment.

14. Plaintiff learned of the alleged debt when, by letter dated December 18, 2006, Sharinn & Lipshie improperly wrote in an attempt to settle the alleged debt. A copy of that letter is attached as **Exhibit A**.

15. Plaintiff did not recognize the debt and had no recollection of any account with Worldwide who was identified as the creditor in Sharinn & Lipshe's December 18, 2008, letter.

16. Thereafter, Plaintiff received a Summons and Complaint relating to the alleged debt and referencing an account with Bank of America. Accordingly, she wrote to Sharinn & Lipshie disputing the debt and requesting its verification. A copy of Plaintiff's March 26, 2007, letter is attached as **Exhibit B**.

17. Sharinn & Lipshe's December 18, 2006, letter violates the FDCPA 15 U.S.C. § 1692g(a), in that the notice it provided is incomplete and does not advise (i) that unless the consumer, within 30 days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; and (ii) that if the consumer notifies the debt collector in writing within the 30-day period that the debt or any portion thereof is disputed the debt collector will obtain verification of the debt or a copy of such verification or judgment will be mailed to the consumer by the debt collector.

18. Defendants have never verified the debt as requested by Plaintiff. In fact Defendants have never responded to Plaintiff's letter disputing the validity of the

{00104528.DOC}

debt.

19. But defendants filed a lawsuit against Plaintiff on behalf of defendant Worldwide in the Civil Court of the City of New York, New York County (the "Civil Court Action"). A conference for the Civil Court Action is presently scheduled for November 7, 2007. A copy of the summons and complaint for the Civil Court Action is annexed hereto as **Exhibit C.**

20. As a result of the acts alleged above, Plaintiff has suffered embarrassment, emotional distress, and severe anxiety.

## COUNT I

## **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

21. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

22. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   a. The Defendants violated 15 U.S.C. § 1692e(2)(A) by negligently and mistakenly attempting to collect the debt from Plaintiff, who was not legally obligated to pay the debt.

   b. The Defendants violated 15 U.S.C. § 1692e(5) by threatening to file, and/or filing, a lawsuit that cannot legally be filed, in that Defendants knew or should have known that Plaintiff was not the obligor on the debt.

   c. The Defendants violated 15 U.S.C. § 1692g(a) by failing to provide a validation notice to Plaintiff.

       d.       The Defendants violated 15 U.S.C. § 1692g(b) by failing to cease collection of the debt until Defendants provided a validation notice or a copy of a judgment to Plaintiff.

23.    As a result of the above violations of the FDCPA, the Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney fees.

## COUNT II

## VIOLATION OF GENERAL BUSINESS LAW § 349

24.    Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

25.    General Business Law section 349 prohibits the use of deceptive or unfair practices in connection with the collection of debts.

26.    Defendants engaged in deceptive conduct in the collection of debts.

27.    This deceptive conduct included, without limitation, the filing of a lawsuit against Plaintiff without having any authority to do so.

28.    This conduct was materially deceptive and Plaintiff has suffered actual injury as a result.

29.    Plaintiff is entitled to damages and attorneys' fees as a result of Defendants' violation of GBL § 349.

## COUNT III

## NEGLIGENCE

30.    Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

31. Defendant Worldwide owed Plaintiff a duty of reasonable care in selecting, instructing, and supervising the debt collection firm it hired, and also in adequately investigating whether Plaintiff in fact owed the debt at issue.

32. By virtue of their failure to adequately investigate whether Plaintiff owed the debt, and also their failure to prevent the filing of a baseless lawsuit by defendant Sharinn & Lipshie, Defendant Worldwide breached this duty to Plaintiff.

33. As a result of this breach of duty, Plaintiff suffered damages, including but not limited to, emotional distress.

**WHEREFORE**, Plaintiff GEORGIA SMALLS respectfully requests a trial by jury and also requests that judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA;

B. Actual damages;

C. Punitive damages;

D. Statutory damages pursuant to 15 U.S.C. § 1692k;

E. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k, and General Business Law § 349; and

F. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
October 25, 2007

David M. Kasell (DK-7753)
SADIS & GOLDBERG LLP
Attorneys for Plaintiff
551 Fifth Avenue, 21st Floor
New York, NY 10176
(212) 947-3793

{00104528.DOC}

# Exhibit A

# SHARINN & LIPSHIE, P.C.

### ATTORNEYS AT LAW

200 GARDEN CITY PLAZA • SUITE 506 • GARDEN CITY • NEW YORK 11530
OUTSIDE OF NEW YORK STATE 1-866-691-4467
516-873-6600 • FAX 516-873-6880

December 18, 2006

GEORGIA SMALLS
110 E 99TH ST APT7D
NEW YORK NY 10029

RE-WORLDWIDE ASSET PURCHASING,LLC
WITH-GEORGIA SMALLS
ACCOUNT NO:4024080743292530
BALANCE DUE: $5,141.89

DEAR GEORGIA SMALLS:

**OUR CLIENT HAS AUTHORIZED US TO ENTERTAIN AN OFFER TO SETTLE YOUR ACCOUNT WITH THEM FOR AN AMOUNT LOWER THAN YOUR PRESENT OUTSTANDING BALANCE.**

IF YOU WOULD LIKE TO TAKE ADVANTAGE OF THIS OFFER PLEASE CONTACT OUR OFFICE, AT THAT TIME, WE CAN DISCUSS THIS PROPOSAL FURTHER AND FURNISH YOU WITH THE INFORMATION NECESSARY TO SETTLE THIS OBLIGATION.

I AM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

IF WE DO NOT HEAR FROM YOU, THIS OFFER MAY BE WITHDRAWN.

VERY TRULY YOURS,
SHARINN & LIPSHIE, P.C.

BY:_____

ANY QUESTIONS PLEASE CALL (516) 873-6600 EXT. 130
YOUR REPRESENTATIVE IS: MR. WILLIAMS
YOUR REFERENCE NUMBER IS: WAM01834

# Exhibit B

00066862.WPD

MARCH 26, 2007

Georgia M. Smalls
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
02-08-1950

Re: Bank of America
Amount $3,101.00
Account # 4024080743292530
File # WAM01834 / Index #3228/07

To Whom It May Concern:

I, Georgia M Smalls, dispute this debt amount listed above. Please provide me with verification of this debt as soon as possible.

Very Truly Yours,

Georgia Smalls-M

Georgia Smalls, M.

# Exhibit C

00066862.WPD

# CONSUMER CREDIT TRANSACTION
### IMPORTANT!! YOU ARE BEING SUED!!
### THIS IS A COURT PAPER - A SUMMONS

DON'T THROW IT AWAY!! TALK TO A LAWYER RIGHT AWAY!! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER, YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE TO BRING THESE PAPERS TO THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!!

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

3228/07

WORLDWIDE ASSET PURCHASING, LLC

    Plaintiff
-Against-
GEORGIA SMALLS
    Defendant(s)

SUMMONS
Plaintiff's Address
2253 NORTHWEST PARKWAY
MARIETTA, GA 30067
Defendant's Address  Defendant 2 address
110 E 99TH ST APT 7D
NEW YORK NY 10029

JAN 17 2007

The basis of the venue is : A defendant resides in the County of NEW YORK; the subject matter consumer credit transaction took place in the County of NEW YORK

TO THE ABOVE NAMED DEFENDANT(S):
YOU ARE HEREBY SUMMONED TO APPEAR IN THE CIVIL COURT OF THE CITY OF NEW YORK, COUNTY OF NEW YORK AT THE OFFICE OF THE CLERK OF THE SAID COURT AT 111 CENTRE STREET NEW YORK, NY 10013 WITHIN THE TIME PROVIDED BY LAW AS NOTED BELOW AND TO FILE YOUR ANSWER TO THE ANNEXED COMPLAINT WITH THE CLERK; UPON YOUR FAILURE TO ANSWER, JUDGMENT WILL BE TAKEN AGAINST YOU FOR THE SUM OF $2,584.25 AND ATTORNEY FEES OF $516.85 WITH INTEREST THEREON FROM THE DAY OF December 14, 2001, TOGETHER WITH THE COSTS OF THIS ACTION. A COPY OF YOUR ANSWER SHOULD BE SERVED BY MAIL UPON THE ATTORNEYS FOR THE PLAINTIFF, SHARINN & LIPSHIE, P.C.
DATED: December 14, 2006

Brian Hogencamp/Amanda Moreno/Daniel Perrone
SHARINN & LIPSHIE, P.C.
200 GARDEN CITY PLAZA STE. 506
GARDEN CITY, NEW YORK 11530
(516) 873-6600

NOTE: The law provides that:
    (a) if this summons is served by its delivery to you personally within the CITY OF NEW YORK you must appear and answer within 20 days after such service; or
    (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY (30) days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.
    (c) Where a defendant appears by an attorney, a copy of his answer shall be served upon the plaintiff's attorney, or upon the plaintiff if the plaintiff appears in person, at or before the time of filing the original answer with proof of service thereof.
    (d) In any action arising from a consumer credit transaction, if the form of summons provided for in subdivision (b) of this section is used:

DEFENDANTS P.O.B.:
Client#: 01023518
Account#: 4024080743292530
Claim# WAM01834
Receipt date: March 2, 2004
WE ARE DEBT COLLECTORS. THIS IS AN ATTEMPT TO COLLECT A DEBT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

TRANSACCION DE CREDITO DEL CONSUMIDOR
!IMPORTANTE! !UD.HA SIDO DEMANDADO!
ESTE ES UN DOCUMENTO LEGAL - UNA CITACION

!NO LA BOTE !! CONSULTE CON SU ABOGADO ENSEGUIDA! LE PUEDEN QUITAR PARTE DE SU SALARIO (EMBARGARLO) !SI UD. NO SE PRESENTA EN LA CORTE CON ESTA CITACTION LE PUEDEN CONFISCAR SUS BIENES (PROPEIDAD) Y PERJUDICAR SU CREDITO!! TAMBIEN ES POSIBLE QUE TENGA QUE PAGAR OTROS GASTOS LEGALES (COSTAS)! SI UD. NO TIENE DINERO PARA UN ABOGADO TRAIGA ESTOS PAPELES A LA CORTE IMMEDIATAMENTA. VENGA EN PERSONA Y EL SECRETARIO DE LA CORTE LE AYUDARA.

CORTE CIVIL DE LA CIUDAD DE NUEVA YORK
CONDADO DE NEW YORK

WORLDWIDE ASSET PURCHASING,LLC
    Demandante,
GEORGIA SMALLS
    Demandado,

CITACION
La direccion del demandate
2253 NORTHWEST PARKWAY
MARIETTA, GA 30067
La direccion del demandado es
110 E 99TH ST APT7D  NEW YORK NY 10029
Otra direccion

Al demandado arriba mencionado:
USTED ESTA CITADO a comparecer en la Corte Civil de la Ciudad de Nueva York Condado de NEW YORK a la oficina del Jefe Principal de dicha Corte en 111 CENTRE STREET NEW YORK, NY  10013 en el Condado de NEW YORK Ciudad y Estado de Nueva York, dentro del tiempo provisto por la ley segun la indicado abajo y a presentar su respuesta a la demanda al Jefe de la corte; si usted no comparece a contestar, se rendira sentencia contra usted en la suma de $2,584.25 y los honorarios del abogado por la suma de $516.85 con intereses desde December 14, 2001 .

Brian Hogencamp/Amanda Moreno/Daniel Perrone
SHARINN & LIPSHIE, P.C.
Abogado del demandante
200 GARDEN CITY PLAZA STE. 506
GARDEN CITY, NEW YORK 11530
(516) 873-6600

Fechado December 14, 2006

NOTA: La Ley provee que:
    (a) Si esta citacion es entregada a usted personalmente en la Ciudad de Nueva York, usted debe comparecer y responder dentro de VIENTE (20) dias despues de la entrega: O
    (b) Si esta citacion es entregada a otra persona que no fuera usted personalmente, o si fuera entregada afuera de la ciudad de Nueva York, o por medio de publicacion, o por otros medios que no fueran entrega personal a usted en la Ciudad de Nueva York, usted tiene TREINTA (30) dias para comparacer y responder la demanda, despues de haberse presentado prueba de entrega de la citacion al Jefe de esta Corte.
DEMANDAD P.O.B.
**NOSOTROS SOMOS COBRADORES DE DEUDAS. NUESTRA INTENCION ES COBRAR LA DEUDA Y CUALQUIER INFORMACION OBTENIDA SERA USADA PARA ESTE PROPOSITO.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

WORLDWIDE ASSET PURCHASING, LLC
    Plaintiff
  -Against-
GEORGIA SMALLS
    Defendant(s)

VERIFIED COMPLAINT

Plaintiff, by its attorneys SHARINN & LIPSHIE, P.C. complaining of the defendant(s), respectfully alleges:

1. That at all times hereinafter mentioned, the Plaintiff, WORLDWIDE ASSET PURCHASING, LLC, is a foreign corporation with offices located at 2253 NORTHWEST PARKWAY MARIETTA, GA 30067.

2. That upon information and belief the Defendant(s) is/are and at all times hereinafter mentioned was/were a resident of the county where this action is brought.

3. The agreement sued upon herein was duly assigned to Plaintiff by Bank of America and notice thereof was duly given to Defendant.

5. That there are monies due from Defendant(s) to Plaintiff, plus agreed and /or reasonable attorney fees, if any, for charges incurred and/or loans granted in connection with credit card(s) issued by Plaintiff's assignor pursuant to credit card agreement(s) made in compliance with the law, a copy of which agreement(s) were duly mailed to Defendant(s), on which there is a balance due of $2,584.25, and that in addition there is due attorney fees of $516.85, making a total sum due from Defendant to Plaintiff of $3,101.10, no part of which sum has been paid, although due and duly demanded.

6. The above debt arises from account number 4024080743292530.

WHEREFORE, plaintiff demands judgment against defendant(s) for the sum of $2,584.25 with interest thereon from December 14, 2001, and attorney fees of $516.85 plus costs an disbursements of this action.

Dated: December 14, 2006
Garden City, New York

SHARINN & LIPSHIE, P.C.
200 GARDEN CITY PLAZA, STE 506
GARDEN CITY, NY 11530

STATE OF NEW YORK    }
COUNTY OF NASSAU    }ss:

I, the undersigned an attorney-at-law, admitted to practice in the Courts of the State of New York, shows: deponent is associated with the firm of SHARINN & LIPSHIE, P.C. attorney of record for the Plaintiff in the within action; this verification is made by the undersigned because plaintiff is not within the same county wherein your deponent maintains his office. Deponent has read the foregoing complaint and knows the contents thereof; the same is true to deponent's knowledge except to matters therein stated to be upon information and belief, and as to those matters, deponent believes it to be true. The grounds of deponent's belief as to all matters not stated upon deponent's own knowledge are as follows: records belonging to plaintiff (s) in possession of deponent.

Brian Hogencamp/Amenda Moreno/Daniel Perrone

Client Acct # 4024080743292530
Claim #    WAM01834

***WE ARE DEBT COLLECTORS. THIS IS AN ATTEMPT TO COLLECT A DEBT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE***